UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FRANCIS O. TINDAL, | Case No. 1:07-cv-394 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Ellen S. Carmody |
| RENO'S WEST SPORTS BAR & PIZZERIA, INC., | |
| Defendant. | |

**Order Adopting the R&R without Objection;**
**Dismissing the Complaint without Prejudice as to Defendant Reno's West;**
**Terminating the Case**

Proceeding *pro se*, Francis O. Tindal ("Tindal") filed the complaint against "Reno's West Sports Bar & Pizzeria, Inc." ("Reno's") and numerous other defendants on April 19, 2007. Summons were never issued for the following defendants: Joe Sati (whom the complaint lists as the owner of Reno's West Sports Bar & Pizzeria); Unknown John and Jane Does (whom the complaint lists as employees of Reno's West Sports Bar & Pizzeria); the City of Lansing, Michigan; "Unknown Dixie"; Jen Orgarpk; Seth Beaumann; Bill Johnson; the Charter Township of Delta, Michigan; and Eaton County, Michigan. By order filed May 27, 2008 and mailed on May 28, 2008, this court advised Tindal that the complaint would be dismissed as to the un-served defendants unless he filed a verified petition of service of process no later than June 10, 2008. Tindal never filed such a petition, nor did he seek an extension of time in which to do so, so the court dismissed the claims against those defendants without prejudice on June 19, 2008. That left only one defendant in the case, Reno's.

On March 3, 2008, the summons as to the defendant named as "Reno's West Sports Bar &

Pizzeria, Inc." was returned executed, indicating that the U.S. Marshals had served the complaint

and summons personally on Lauren Kenczyk, apparently one of the managers of that establishment

at the time.  On March 18, 2008, Reno's filed a motion to quash service of process, which was

referred to the Honorable Ellen S. Carmody, United States Magistrate Judge, for a non-binding

Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(A).  By order filed June

23, 2008 and mailed on June 24, 2008, the Magistrate Judge advised Tindal that she would hold a

hearing on July 7, 2008, his opportunity to show cause why the purported service of process on

Reno's should not be quashed.  Because Tindal did not appear at the hearing, seek to reschedule the

hearing, or otherwise contact the court, the Magistrate Judge issued an order granting Reno's motion

to quash service of process on July 9, 2008.  On that same date, the Magistrate Judge issued an R&R

recommending that the complaint be dismissed against Reno's for want of prosecution, lack of

service of process, and failure to comply with the orders and rules of this court.

Because Tindal is not an attorney and is proceeding *pro se*, he is not participating in, and is

not being required to participate in the Electronic Case Filing ("ECF") system.  Accordingly, the

R&R was sent to him by regular first-class U.S. mail on Thursday, July 10, 2008, rather than merely

made available to him electronically as would usually be the case.  Tindal's address of record is 20

Kingsbridge Drive in Burlington, New Jersey, ZIP code 08016 (southern New Jersey), which is

approximately 737 miles from the Grand Rapids courthouse; accordingly, the court charitably

assumes that Tindal did not receive the R&R until one full calendar week after it was mailed, i.e.,

Thursday, July 17, 2008.  *See, e.g., Lowe v. USAG*, 2008 WL 724684, *1 (W.D. Mich. Mar. 17,

2008) (Maloney, J.) (assuming *arguendo* that R&R sent by first-class U.S. mail arrived at party's

address one calendar week after it was mailed).

Title 28 U.S.C. § 636(b)(1) provides, in pertinent part, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, Federal Rule of Civil Procedure 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." *See Wells v. Comm'r of Soc. Sec.*, 2008 WL 2783254, *1 (W.D. Mich. July 17, 2008) (Maloney, J.) (citing *Deruso v. City of Detroit*, 121 F. App'x 64, 66 n.2 (6th Cir. 2005) ("The Rule requires parties to file objections to a magistrate's report and recommendation within ten days of the time the report is filed.") (citing FED. R. CIV. P. 72(a)) and *Rodger v. White*, 1990 WL 95624, at *2 (6th Cir. July 11, 1990) ("Ordinarily, parties must file objections and exceptions to the magistrate's report within ten days of its issuance.") (citing 28 U.S.C. § 636(b)(1))).

Federal Rule of Civil Procedure 6 begins, "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." FED. R. CIV. P. 6(a). Thus, the ten-day objection period began on Friday, July 18, 2008, the day after the court assumes Tindal received the R&R.

Rule 6 further provides, "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." FED. R. CIV. P. 6(a). Thus the court excludes Saturday July 19 and Sunday July 20, 2008. Days two through five of the ten-day objection period ran from Monday, July 21 through Friday, July 25, 2008. The court then excludes Saturday July 26 and Sunday July 27. Days six through ten ran from

Monday, July 28 through Friday, August 1.

Thus, the ten-day period for filing objections expired at midnight on Friday, August 1, 2008.

Tindal did not file objections before that deadline, nor did he seek an extension of time in

which to do so.  Therefore, this court is not obligated to review the R&R's merits *de novo* or

otherwise.  As the United States Supreme Court has held,

> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations.  *See* 28 U.S.C. § 636(b)(1).  To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Peretz v. US*, 501 U.S. 923, 939 (1991) (citation and internal quotation marks omitted).[1]

Furthermore, the failure to file timely, specific objections obviates not only *de novo* district-

judge review of the R&R, but *all* district-judge review.  Again in the words of the Supreme Court,

> In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions.  The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.
>
> * * *
>
> Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard.  However, § 636(b)(1)(c) simply does not provide for such review.  This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions].  Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard.  *We are therefore not persuaded that the statute*

---

[1]

  *See, e.g., Johnson v. Comm'r of Soc. Sec.*, 2007 WL 2292440, *1 (N.D. Ohio 2007) ("The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.") (Gwin, J.).

*requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, citation to enacting

legislation omitted).

In any event, the court finds the R&R's outcome and rationale to be sound.[2]  Tindal did not

verify that he effected valid service of process on the proper party defendant, nor did he comply with

this court's orders and rules or adequately prosecute the case.

## ORDER

Accordingly, the court **ADOPTS** the R&R.

The complaint against "Reno's West Sports Bar & Pizzeria, Inc." is **DISMISSED without**

**prejudice** for failure to effect and verify valid service of process, want of prosecution, and failure

---

[2]

Accordingly, district judges in our circuit routinely adopt R&Rs without additional written analysis where the parties have not timely and specifically objected:

> "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings."  * * *  Because neither party filed timely objections to Magistrate Judge Pepe's Report and Recommendation . . . this Court need not conduct a review.

*Russell v. Caruso*, 2007 WL 3232126, *2 n.3 (W.D. Mich. 2007) (Maloney, J.) (quoting *Brown v. US*, 2007 WL 2156283, *1 (E.D. Mich. 2007) (Gadola, J.) (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985))).  *See also Veltkamp v. Comm'r of Soc. Sec.*, 528 F. Supp.2d 716, 718 n.2 (W.D. Mich. 2007) (Maloney, J.);

*Hart v. Ridge Tool Co.*, 2007 WL 1983688, *2 (N.D. Ohio 2007) (Nugent, J.); *Montalvo v. GMC*, 2006 WL 1888704, *1 (N.D. Ohio 2006) (Zouhary, J.) ("Neither party objected . . . . * * * Thus, the Court declines to review the Magistrate's report.");

*Wallace v. Jackson*, 2006 WL 467915, *1 (E.D. Mich. 2006) (Gadola, J.) (citing *Lardie v. Birkett*, 221 F. Supp. 806, 807 (E.D. Mich. 2002)); *Tangwall v. Robb*, 2003 WL 23142190, *1 (E.D. Mich. 2003) (Lawson, J.) (where party's objections to R&R were untimely, court stated, "[T]he failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion [considered in the R&R].").

to comply with this court's rules and orders.

Because there are no defendants remaining in the case, this case is **TERMINATED.**

**This order is final, but it is not appealable.** *See Schrader v. Comm'r of Soc. Sec.*, 2008 WL 360649, *3 (W.D. Mich. Feb. 7, 2008) (Maloney, J.) (citing *Harris v. Detroit Pub. Schs.*, 245 F. App'x 437, 442 n.6 (6th Cir. 2007) ("[A] party's failure to object to the recommendations of a magistrate judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981))).[3]

**IT IS SO ORDERED this 5th day of August 2008.**

/s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge

---

[3]

*See, e.g., Ramjit v. Moore*, 243 F. App'x 103, 104 (6th Cir. 2007) ("respondent waived this issue due to his failure to object on this ground to the magistrate judge's report and recommendation") (citing, *inter alia*, *Thomas*, 474 U.S. at 155)).

*See also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) ("Frontier did not file an objection to the default entry within ten days of the magistrate's report and recommendation. * * * Frontier's silence constitutes a waiver of the right to appeal the entry of default.");

*US v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("Sullivan failed to file objections to the magistrate judge's findings with the district court and, as a result, has waived any challenge to the district court's denial of his motion to suppress the identification evidence.");

*Adkins v. United Mine Workers of America*, 1995 WL 44630, *3 (6th Cir. July 25, 1995) ("Because the plaintiffs did not file written objections to the magistrate's order within ten days, they have waived appellate review of this issue.") (citing *Thomas*, 474 U.S. at 155, and *Willis v. Sullivan*, 931 F.2d 390, 400-01 (6th Cir. 1991)).